**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLES T. ALLEN, JR.,

               Plaintiff,

    v.

COMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CIVIL ACTION NO. 3:19-CV-01130

(MEHALCHICK, M.J.)

**MEMORANDUM OPINION**

Plaintiff Charles T. Allen, Jr. ("Allen") brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. For the following reasons, the undersigned shall order the Commissioner's decision be **VACATED** and **REMANDED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On March 28, 2011, Allen filed a Title II application for disability insurance benefits alleging a disability onset date of March 1, 2002. (Doc. 11-2, at 105). In his application, Allen alleges he is disabled due to PTSD, depression, insomnia, nerve damage in his right hand, and a surgery-induced infection in his right hand. (Doc. 11-7, at 4). Allen was born on May 13, 1947, and was fifty-four years old on the alleged disability onset date.[1] (Doc. 11-16, at 18).

---

[1] At the time of Allen's alleged onset date of disability, he was considered an individual "closely approaching advanced age," according to the regulations promulgated under the authority of the Act. See 20 C.F.R. § 404.1563(e).

On May 18, 2011, Allen's claim was denied at the initial level of administrative review. (Doc. 11-4, at 6). Allen filed a timely request for a hearing before an administrative law judge ("ALJ") on June 15, 2011, and on July 26, 2012, Allen appeared and testified at an administrative hearing before ALJ Randy Riley. (Doc. 11-3, at 2; Doc. 11-5, at 10). The ALJ denied Allen's claim in a written decision dated August 14, 2012. (Doc. 11-2, at 111). After the Appeals Council denied Allen's request for review, he appealed to the United States District Court which remanded the claim for a new hearing on October 7, 2014. (Doc. 11-18, at 12-18). On May 21, 2015, Allen's case was re-heard, and again his claim was denied. (Doc. 11-17, at 2; Doc. 11-18, at 35). However, the Appeals Council remanded this decision and a third hearing was held on February 23, 2018. (Doc. 11-17, at 30; Doc. 11-18, at 41). This most recent hearing again resulted in a denial of benefits by ALJ Theodore Burock on June 13, 2018. (Doc. 11-16, at 26). Allen requested review of ALJ Burock's decision by the Appeals Council, but the Appeals Council denied the request. (Doc. 11-16, at 2).

Allen initiated the instant action on July 2, 2019. (Doc. 1). The Commissioner responded on September 23, 2019, providing the requisite transcripts from Allen's disability proceedings. (Doc. 10; Doc. 11). The parties then filed their respective briefs, with Allen raising one narrow basis for remand. (Doc. 14; Doc. 21; Doc. 22).

## II. STANDARDS OF REVIEW

To receive benefits under Title II of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To satisfy this requirement, a claimant must have a

severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a).[2] Additionally, a claimant must be insured for disability insurance benefits. 42 U.S.C. § 423(a)(1)(a); 20 C.F.R. § 404.131.

## A.   ADMINISTRATIVE REVIEW

In evaluating whether a claimant is disabled, the "Social Security Administration, working through ALJs, decides whether a claimant is disabled by following a now familiar five-step analysis." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 200–01 (3d Cir. 2019). The "burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security." *Hess*, 931 F.3d at 201; 20 C.F.R. § 404.1512(a)(1). Thus, if the claimant establishes an inability to do past relevant work at step four, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform consistent with his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. § 404.1512(a)(1).

## B.   JUDICIAL REVIEW

The Court's review of a determination denying an application for benefits is limited "to considering whether the factual findings are supported by substantial evidence." *Katz v. Comm'r Soc. Sec.*, No. 19-1268, 2019 WL 6998150, at *1 (3d Cir. Dec. 20, 2019). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v.*

---

[2] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

*Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict created by such evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Allen is disabled, but whether the Commissioner's determination that Allen is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). If "the ALJ's findings of fact . . . are supported by substantial evidence in the record,"

the Court is bound by those findings. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

### III.   THE ALJ'S DECISION[3]

In his written decision, the ALJ determined that "[Allen] has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision." (Doc. 11-16, at 25). Further, the ALJ determined that Allen was capable of performing medium work with various limitations discussed *infra*. (Doc. 11-16, at 21). The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4).

#### A.   STEP ONE

At step one of the five-step analysis, the ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in SGA, the claimant is not disabled, regardless of age, education, or work experience. SGA is defined as work activity requiring significant physical or mental activity and resulting in pay or profit. 20 C.F.R. § 404.1520(b). In making this determination, the ALJ must consider only the earnings of the claimant. 20 C.F.R. § 404.1574.

Here, the ALJ determined that Allen had not engaged in SGA since March 1, 2002, the alleged onset date. (Doc. 11-16, at 15). The ALJ's analysis proceeded to step two.

#### B.   STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the 12-month duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). If the ALJ determines that the

---

[3] At the outset, the ALJ determined that Allen met the insured status requirements of the Social Security Act through December 31, 2007. (Doc. 11-16, at 14).

claimant does not have an impairment or combination of impairments that significantly limits his or her "physical or mental ability to do basic work activities," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. § 404.1520(c). If a claimant establishes a severe impairment or combination of impairments, the ALJ analysis continues to the third step.

Here, the ALJ concluded that Allen had the following severe impairments: polysubstance abuse, post-traumatic stress disorder, cervical spondylosis, and acromioclavicular joint hypertrophy. (Doc. 11-16, at 15).

C.   STEP THREE

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. Part 404, Subpt. P, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. § 404.1520(a)(4)(iii). The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairments meet these listings, then the claimant is considered disabled. 20 C.F.R. § 404.1520(d).

After considering listings 1.02, 1.04, and 12.15, the ALJ determined that Allen's impairments did not meet or equal the severity of a listed impairment. (Doc. 11-16, at 15) (citing 20 C.F.R. Part 404, Subpt. P, App. 1).

D.   RESIDUAL FUNCTIONAL CAPACITY

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the evidence presented. At this intermediate step, the ALJ considers "all [the claimant's] symptoms . . . and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical

evidence and other evidence." 20 C.F.R. § 404.1529(a). This involves a two-step inquiry where the ALJ must (1) determine whether an underlying medically determinable mental impairment or impairments could reasonably be expected to produce the claimant's symptoms and, if so, (2) evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. *See* 20 C.F.R. § 404.1529(b)–(c).

Here, based on his consideration of the medical opinions and other relevant evidence in the record, the ALJ determined that Allen had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) with the limitations that he (1) could only occasionally interact with coworkers and supervisors, (2) could never interact with the public, (3) could tolerate no concentrated exposure to extreme cold temperatures, (4) could only occasionally reach above shoulder level, and (5) could not perform even routine, repetitive tasks on a sustained basis. (Doc. 11-16, at 17).

    E.   STEP FOUR

Having assessed a claimant's RFC, step four requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). Past relevant work is defined as work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b). "If the claimant can perform [his] past relevant work despite [his] limitations, he is not disabled." *Hess*, 931 F.3d at 202 (citing 20 C.F.R. § 404.1520(a)(4)(iv)).

Here, the ALJ found that Allen had no past relevant work so the ALJ proceeded to step five. (Doc. 11-16, at 18).

F.   STEP FIVE

At step five of the sequential analysis process, the ALJ considers the claimant's age, education, and work experience to see if a claimant can make the adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(v). These factors are not considered when evaluating a claimant's ability to perform past relevant work. 20 C.F.R. § 404.1560(b)(3). If a claimant can adjust to other work, he or she will not be considered disabled. 20 C.F.R. § 404.1520(a)(4)(v).

In his step-five analysis, the ALJ determined that Allen was 54 years old on the alleged onset date, defined as an individual closely approaching advanced age as set forth by 20 C.F.R. § 404.1563, and has "at least a high school education and is able to communicate in English" as considered in 20 C.F.R. § 404.1564. (Doc. 11-16, at 18). The ALJ determined that upon consideration of these factors, Allen's RFC, and the testimony of a vocational expert, "if the claimant stopped the substance use, … there would be a significant number of jobs in the national economy that the claimant could perform." (Doc. 11-16, at 25). The ALJ specifically identified occupations of machine feeder, utility worker, and industrial cleaner. (Doc. 11-16, at 25).

Concluding his analysis, the ALJ determined that Allen was not disabled at any time from the alleged onset date through the date of the decision. (Doc. 11-16, at 25).

IV.   DISCUSSION

Allen advances one argument on appeal: that the Commissioner "erred in relying on vocational expert testimony to fulfill the step [five] burden without properly addressing Plaintiff's objections memorandum and rebuttal evidence related to the vocational expert's

testimony." (Doc. 14, at 3).

### A.   THE ALJ WAS REQUIRED TO CONSIDER ALLEN'S OBJECTIONS.

At the conclusion of Allen's hearing, the ALJ received vocational expert ("VE") testimony as to how Allen's functional capabilities relate to potential occupations. (Doc. 11-17, at 45-48). The ALJ then used this testimony to find that Allen was not disabled, as he would be able to perform the jobs identified by the VE if not for his substance abuse. (Doc. 11-16, at 25). But, after the hearing Allen had submitted a memorandum to the ALJ presenting specific objections to the VE's testimony. (Doc. 11-16, at 37-44; Doc. 14, at 5). One such objection was that the VE used the Dictionary of Occupational Titles (DOT) which was last updated more than thirty years ago and so now was unreliable. (Doc. 11-16, at 39-44). In that memorandum, as well as in his brief in support of the instant action, Allen asserts that the identified occupations are no longer performed as they were when the DOT was last revised, and so the ALJ relied on out-of-date, thus unreliable, evidence. (Doc. 14, at 9-14). Allen's assignment of error is "succinct": that the ALJ and Appeals Council, contrary to Allen's statutory and constitutional rights, "did not acknowledge or properly address the rebuttal evidence at all." (Doc. 14, at 6).

Allen's argument is grounded in a footnote to a Social Security Ruling stating, "Whenever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision. The VE's opinion is not binding on an adjudicator, but must be weighed along with all other evidence." SSR 96-9P, n. 8. The Commissioner contends that the ALJ and Appeals Council were not obligated to respond to Allen's post-hearing objections for three reasons. First, the ALJ satisfied his obligation by giving Allen the opportunity to object to the VE's testimony at the hearing, subsequently overruling that

objection. (Doc. 21, at 6-7, 11). Second, the ALJ gave Allen 14 days to file a responsive post-hearing memorandum, which Allen did not file until 17 days after the hearing thus waiving his objections to the VE's testimony. (Doc. 21, at 7). Third, the Appeals Council was not required to consider Allen's objections because they were submitted neither five days before the date of the scheduled hearing as required by 20 C.F.R. §§ 404.935(a), 416.1435(a), nor demonstrated 'good cause' and 'reasonable probability of a different outcome' as required to submit new evidence at least five days prior to the ALJ's decision pursuant to 20 C.F.R. § 404.953. (Doc. 21, at 12-16). These arguments will be taken in turn.

First, the Commissioner asserts that the ALJ provided sufficient opportunity to respond to the VE's testimony when he permitted Allen to object to its admittance and subsequently overruled the objection. (Doc. 21, at 6). This assertion is meritless because it occurred during a prior hearing not at issue for purposes of this action. *See* (Doc. 11-17, at 2, 25, 27-29) (objection and overruling occurring on May 21, 2015). As to the hearing at issue, Allen was given the opportunity to cross-examine the vocational expert at the hearing. (Doc. 11-17, at 47). However, "cross-examining a VE does not afford a claimant ample opportunity to 'review' the VE's testimony," therefore Allen was entitled to more. *See Stewart v. Astrue, 2012 WL 5494662, at *7 (E.D. Pa. 2012)* (discussing SSR 96-9p ruling that the claimant has the right to an opportunity to review and respond to the vocational expert's testimony prior to the issuance of a decision). The court in *Stewart* noted that the claimant is entitled to the opportunity to make a final oral argument at the hearing or to submit a brief or other written statement after the hearing. *Stewart,* 2012 WL 5494662, at *7 (citing HALLEX I-2-6-76). So, too, was Allen.

Next, the Commissioner submits that the ALJ gave Allen 14 days to review and

respond to the VE's testimony and because Allen did not submit his objections within this 14-day time-frame, they were waived. (Doc. 21, at 7-8, 12). Again, the ALJ only set a 14-day deadline for Allen to submit a post-hearing brief at the May 21, 2015, hearing, not the February 23, 2018, hearing at issue. (Doc. 11-17, at 28-29, 44-48). This contention, therefore, is erroneous. Furthermore, it is questionable as to whether the ALJ would even have had the authority to set a deadline as to when Allen would be permitted to submit a post-hearing memo. *See Patrick S. v. Saul*, 2019 WL 3814283, at *4 n. 3 (D. Me. 2019) (citing SSR 96-9P's "reference to a right to respond up until the decision's issuance").

Lastly, the Commissioner submits that the Appeals Council was not required to consider Allen's objections because they were submitted neither five days before the date of the scheduled hearing as required by 20 C.F.R. §§ 404.935(a), 416.1435(a), nor demonstrated 'good cause' and 'reasonable probability of a different outcome' as required to submit new evidence at least five days prior to the ALJ's decision pursuant to 20 C.F.R. § 404.935. (Doc. 21, at 12-16). This argument misses Allen's point, as his assertion of error does not concern new evidence on the issue of his disability – the subject of the referenced regulations – but a challenge to the reliability and use of the VE's vocational testimony. (Doc. 11-16, at 38-44); *see* 20 C.F.R. § 404.935. The Social Security Ruling on the subject at issue states, "Whenever a VE is used, the individual has the right to review and respond to the VE evidence *prior to the issuance of a decision*." SSR 96-9P n. 8 (emphasis added). This gives Allen the right to submit the post-hearing brief at issue.

It is well-settled in this circuit that the ALJ must mention or refute any probative evidence so as to allow for meaningful judicial review. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). This principle is particularly important here, where the

Commissioner bears the burden of establishing other work in the national economy which the claimant can perform. *See Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). If an ALJ is not required to address an individual's response to VE testimony, the right bestowed by SSR 96-9P n. 8 is essentially meaningless. By not addressing Allen's response to the VE evidence, the ALJ failed to mention or refute probative evidence and it is impossible to know whether Allen's objections were considered. The ALJ was obligated to address Allen's post-hearing memorandum. If not harmless, this error warrants remand.

   B.   THE ALJ'S ERROR WAS NOT HARMLESS.

The Commissioner asserts that courts in the Third Circuit have found the DOT to be an appropriate source of occupational information, so ALJs and VEs are not required to consult other sources. (Doc. 21, at 9). As neither the Court nor the Commissioner are permitted to conduct independent analysis or rationalization of the ALJ's decision at this juncture, the ALJ's error is harmless only if the VE's reliance on the DOT is categorically permitted, thus rendering any opposition to such reliance meaningless. *Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001) ("[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting *SEC v. Chenery Corporation*, 318 U.S. 80, 87 (1943)).

As an initial point, an ALJ's reliance on unreliable VE testimony results in a decision not supported by substantial evidence. *Minichino v. Colvin*, 955 F. Supp. 2d 366, 389 (M.D. Pa. 2013). The VE's testimony must be reliable for the ALJ's step five decision based on that testimony to be supported by substantial evidence. Additionally, this Court has indicated, through reference to a Sixth Circuit opinion, that "the VE's dependence on the DOT listings alone does not warrant a presumption of reliability." *Whitmire v. Comm'r of Soc. Sec.*, 2014 WL

582781, at *9 (M.D. Pa. 2014) (quoting *Cunningham v. Astrue,* 360 F. App'x 606, 615-16 (6th Cir. 2010)).

In *Whitmire* this Court addressed a similar set of facts as those at issue here. In that case, the plaintiff asserted that the ALJ's reliance on the VE's testimony was not supported by substantial evidence because the VE's testimony was based on "outdated and unreliable" job descriptions contained in the DOT. *Whitmire,* 2014 WL 582781, at *9. The updated job descriptions shown in the Occupational Information Network ("O*Net"), unlike those in the DOT, did not align with the plaintiff's capabilities. *Whitmire,* 2014 WL 582781, at *9. The Court, recognizing debate around the reliability of the DOT, first declined to "abandon the VE's testimony regarding the DOT job descriptions in favor of those found in O*Net," and second noted that the O*Net job descriptions forming the basis of the plaintiff's claim were never presented to the VE or ALJ. *Whitmire,* 2014 WL 582781, at *10.

Here, Allen does not ask the Court to abandon the DOT for O*Net, rather he asks only that the ALJ be tasked with addressing his concerns about the reliability of the DOT job descriptions. Additionally, Allen presented the O*Net job descriptions, with his reliability concerns, to the ALJ prior to the ALJ's decision in accord with his right pursuant to SSR 96-9P n. 8. (Doc. 11-16, at 41-44). Most importantly, the Court's indication that a VE's dependence on the DOT does not necessarily warrant a presumption of reliability means that it was not harmless error to fail to address Allen's post-hearing brief. *See Whitmire,* 2014 WL 582781, at *9 (quoting *Cunningham,* 360 F. App'x at 615-16). To retain trust in its decisions, the Commissioner, bearing the burden of proof, must use reliable evidence to support the availability of other work which the claimant can perform. The DOT, though one example of a publication which contains reliable job information, should not be used for particular

information which is no longer reliable. *See* 20 C.F.R. § 404.1566. As such, the ALJ's failure

to address Allen's post-hearing brief contesting the reliability of the VE's evidence was not

harmless.

## V.   CONCLUSION

Based on the foregoing, the Commissioner's decision is **VACATED** and the case

**REMANDED** to the Commissioner to fully develop the record, conduct any proceedings it

deems necessary to follow the Court's order, and appropriately evaluate the evidence

pursuant to 42 U.S.C. § 405(g). It is further ordered that the Clerk of Court be directed to

**CLOSE** this case.


**Dated: August 1, 2020**                                    s/ *Karoline Mehalchick*

                                                       **KAROLINE MEHALCHICK**
                                                       **United States Magistrate Judge**